IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Light 'Em Up, Inc., <br><br>        Plaintiff, <br><br>    vs. <br><br>Herbie's Famous Fireworks, Inc., and Woody Tang, <br><br>        Defendants. | Case No.: 7:15-cv-00771-MGL <br><br><br> **CONSENT CONFIDENTIALITY ORDER** |

Whereas, the parties to this Consent Confidentiality Order ("parties"), have stipulated that certain discovery material is and should be treated as confidential, and have agreed to the terms of this Order; accordingly, and finding good cause for same, it is ORDERED:

1.    **Scope.**  All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials that may be subject to discovery (hereinafter collectively "documents") shall be subject to this Order concerning confidential information as set forth below.

2.    **Form and Timing of Designation.**  Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the Confidential designation.  Documents shall be designated CONFIDENTIAL or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" prior to, or contemporaneously with, the production or disclosure of the documents.

    a.    Inadvertent or unintentional production of documents without prior designation as confidential shall not be deemed a waiver, in whole or in part, of the right to

designate documents as confidential as otherwise allowed by this Order.  Upon notice of such failure to designate, all Receiving Parties shall cooperate to restore the confidentiality of the inadvertently disclosed documents or information, without prejudice.    Disclosure by any party of matter so produced without a "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation prior to notice by the producing party of the confidential nature thereof shall not be deemed a violation of this Order.

b.      If a Producing Party produces any document or information that it believes is immune from discovery pursuant to any attorney-client privilege, attorney work product immunity or any other privilege, or immunity from production, such production shall not be deemed a waiver, and the Producing Party may give written notice to all Receiving Parties that the document or information so produced is deemed privileged and that return of the document or information is requested. Upon receipt of such written notice, all Receiving Parties shall immediately undertake to gather the original and all copies of the document or information and shall immediately return the original and all such copies to the Producing Party or certify in writing the destruction thereof.

**3.      Documents That May be Designated Confidential.**

a.      Any party may designate documents as "CONFIDENTIAL" but only after review of the documents by an attorney[1] who has, in good faith, determined that the

---

[1]  The attorney who reviews the documents and certifies them to be CONFIDENTIAL must be admitted to the Bar of at least one state but need not be admitted to practice in the District of South Carolina, but, if not admitted to practice in the District of South Carolina, must be admitted *pro*

documents contain information protected from disclosure by statute, sensitive personal information, trade secrets, or confidential research, development, or commercial information. Information or documents that are available in the public sector may not be designated as confidential.

b.    The "CONFIDENTIAL – ATTORNEYS' EYES ONLY" classification, being more highly protective of disclosure than the "CONFIDENTIAL" classification, governs information that an attorney, in good faith, determined would materially affect the business, financial, commercial, or proprietary interests of the party or person producing such material if such information is disclosed. Materials entitled to protection under the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation are limited to business plans, marketing surveys, financial information (including budgets, sales or profit projections or reports, profit and loss statements, balance sheets and income statements); customer lists; documents that identify customers or suppliers of the producing party or person; technical drawings and specifications; and documents related to the development or improvement of machinery, products or processes.

4.    **Depositions.**    Portions of depositions shall be deemed confidential only if designated as such when the deposition is taken or within seven business days after receipt of the transcript. Such designation shall be specific as to the portions to be protected.

5.    **Protection of Confidential Material.**

---

*hac vice* in this action.

a.  **General    Protections.**    Documents    designated    CONFIDENTIAL    or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons for any purpose whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal or retrial of that litigation).

b.  **Limited Third Party Disclosures.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Order to any other person or entity prohibited by this Order, nor shall any such person use or disclose such information for any purpose whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal or retrial of that litigation).  As to persons or entities defined in subparagraphs (c)(I)(B), (c)(I)(D), (c)(I)(E), (c)(II)(C), and (c)(II)(D) below, disclosure shall not occur before the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment A hereto), that he or she has read and understands the terms of this Order and is bound by it.

c.  **Limitations**

(I)  Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated "CONFIDENTIAL" pursuant to this Order:

(A)  counsel and employees of counsel for the parties who have

responsibility for the preparation and trial of the lawsuit;

(B)    parties and employees of a party to this Order but only to the extent counsel shall certify that the specifically named individual party or employee's assistance is necessary to the conduct of the litigation in which the information is disclosed[2];

(C)    court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

(D)    consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit, each of whom shall execute the Acknowledgment in the form of Attachment A prior to the disclosure of any CONFIDENTIAL information to them, and a copy of the executed acknowledgment shall be served on opposing counsel; and

(E)    other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

---

[2]  At or prior to the time such party or employee completes his or her acknowledgment of review of this Order and agreement to be bound by it (Attachment A hereto), counsel shall complete a certification in the form shown at Attachment B hereto. Counsel shall retain the certification together with the form signed by the party or employee.

(II)    Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order:

(A)    counsel (excluding in-house counsel) and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

(B)    court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

(C)    experts employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit.  In addition to a signed Acknowledgement in the form of Attachment A to this Protective Order, the written notice will include: (i) name, business address, title, and profession of the proposed person; and (ii) a resume or curriculum vitae (including a list of all cases in which the proposed person has been retained as an expert, including the case number and law firm and attorney who retained the proposed person) of the proposed person.  The Receiving Party shall not disclose any "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information to the proposed person unless the producing party or producing witness approves of such disclosure or by Order of the Court.  The Producing Party witness shall have seven (7) days after receipt of such notice of proposed person to challenge the substance or sufficiency of the

notice by providing a detailed, written explanation and basis for the challenge. A failure of the producing party or producing witness to timely challenge such notice shall constitute approval of disclosure to the proposed person. Upon conclusion of this matter, outside experts and consultants shall return or destroy all "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material in their possession, including notes or other documents prepared relating to the "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material. The parties shall not seek discovery (whether by subpoena, deposition or otherwise) from any expert whose identity has become known due to the requirements of this paragraph unless and until such expert has been designated as a testifying expert pursuant to the Scheduling Order and Fed. R. Civ. P. 26(a)(2)(A); and

(D)    other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

c.    **Control of Documents.** Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to the terms of this order. Counsel shall maintain a record of those persons listed in subparagraphs (c)(I)(B), (c)(I)(D), (c)(I)(E), (c)(II)(C), and (c)(II)(D) above, including employees of counsel, who have reviewed or been given access to the documents along with

the originals of the forms signed by those persons acknowledging their obligations under this Order.

d.   **Copies.**   All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

**6.**   **Filing of Confidential Materials.**   In the event a party seeks to file any material that is subject to protection under this Order with the Court, that party shall take appropriate action to ensure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the procedural steps set forth in Local Civil Rule 5.03, DSC, or such other rule or procedure as may apply in the relevant jurisdiction.   Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the Court shall first consult with counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection.   This duty exists irrespective of the duty to consult on the underlying motion.   Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document be filed under seal.   The parties understand that documents may be filed under seal only with the permission of

the Court after proper motion pursuant to Local Civil Rule 5.03.

       7.      **Greater Protection of Specific Documents.**  No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.

       8.      **Challenges to Designation as CONFIDENTIAL or ATTORNEYS' EYES ONLY.**  Any CONFIDENTIAL or ATTORNEYS' EYES ONLY designation is subject to challenge.  The following procedures shall apply to any such challenge.

      a.    The burden of proving the necessity of a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation remains with the party asserting confidentiality.

      b.    A party who contends that documents designated CONFIDENTIAL or ATTORNEYS' EYES ONLY are not entitled to CONFIDENTIAL or ATTORNEYS' EYES ONLY treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge.  The party who so designated the documents shall have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the CONFIDENTIAL or ATTORNEYS' EYES ONLY designation.

      c.    Notwithstanding any challenge to the designation of documents as CONFIDENTIAL or ATTORNEYS' EYES ONLY, all material previously designated CONFIDENTIAL or ATTORNEYS' EYES ONLY shall continue to be treated as subject to the full protection of this Order until one of the following occurs:

      (1)    the party who claims that the documents are CONFIDENTIAL or

ATTORNEYS' EYES ONLY withdraws such designation in writing;

(2)    the party who claims that the documents are CONFIDENTIAL or ATTORNEYS' EYES ONLY fails to move timely for an Order designating the documents as CONFIDENTIAL or ATTORNEYS' EYES ONLY as set forth in paragraph 8(b)  above; or

(3)    the court rules that the documents should no longer be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY information.

d.    Challenges to the confidentiality of documents may be made any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

**9.    Treatment on Conclusion of Litigation.**

a.    Order Remains in Effect.  All provisions of this Order restricting the use of documents designated CONFIDENTIAL or ATTORNEYS' EYES ONLY shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

b.    Return of CONFIDENTIAL or ATTORNEYS' EYES ONLY Documents.  Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Order, including copies as defined above paragraph 5(d) shall be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects

destruction.    Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index that refers or relates to information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY so long as that work product does not duplicate verbatim substantial portions of the text of CONFIDENTIAL or ATTORNEYS' EYES ONLY documents.    This work product continues to be CONFIDENTIAL or ATTORNEYS' EYES ONLY under the terms of this Order.  An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the CONFIDENTIAL or ATTORNEYS' EYES ONLY documents.

10.    **Order Subject to Modification.**  This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order.  The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

11.    **No Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

12.    **Persons Bound.**  This Order shall take effect when entered and shall be binding upon:

a.    counsel who signed below and their respective law firms; and

11

b.      their respective clients who are parties to this lawsuit.

IT IS SO ORDERED.

s/Mary Geiger Lewis

Mary Geiger Lewis
UNITED STATES DISTRICT JUDGE

September 28, 2015
Columbia, South Carolina

**ATTACHMENT A**

**ACKNOWLEDGMENT OF UNDERSTANDING**
**AND**
**AGREEMENT TO BE BOUND OF PARTY/EMPLOYEE**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Light 'Em Up, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Herbie's Famous Fireworks, Inc., and Woody Tang, <br><br> Defendants. | Case No.: 7:15-cv-00771-MGL <br><br> **ACKNOWLEDGEMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND OF PARTY/EMPLOYEE** |

The undersigned hereby acknowledges that he or she has read the Confidentiality Order dated_____, 20_____ in the above captioned action, understands the terms thereof, and agrees to be bound by such terms.  The undersigned submits to the jurisdiction of the United States District Court for the District of South Carolina in matters relating to the Confidentiality Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any such CONFIDENTIAL information to any other person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Confidentiality Order may result in penalties for contempt of court.

Name:              _____

Job Title:          _____

Employer:         _____

Business Address:      _____

_____

_____

Date:_____       _____

Signature

13

**ATTACHMENT B**

**CERTIFICATION OF COUNSEL OF NEED
FOR ASSISTANCE OF PARTY/EMPLOYEE**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

Light 'Em Up, Inc.,

        Plaintiff,

   vs.

Herbie's Famous Fireworks, Inc., and Woody
Tang,

        Defendants.

Case No.: 7:15-cv-00771-MGL

**CERTIFICATION OF COUNSEL OF
NEED FOR ASSISTANCE OF
PARTY/EMPLOYEE**

Pursuant to the Confidentiality Order entered in this action, I certify that the assistance of _____ is reasonably necessary to the conduct of this litigation and that this assistance requires the disclosure to this individual of information that has been designated as CONFIDENTIAL.

I have explained the terms of the Confidentiality Order to the individual named above and will obtain his or her signature on an "Acknowledgment of Understanding and Agreement to be Bound" prior to releasing any CONFIDENTIAL documents to the named individual and I will release only such CONFIDENTIAL documents as are reasonably necessary to the conduct of the litigation.

The individual named above is:

☐    A named party;
☐    An employee of named party_____. This employee's job title is _____ and work address is_____.

Date:_____        _____
                          Signature

14